IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT SAXON, JR.,

                    Petitioner,

                                        CIVIL ACTION
            vs.                         No. 10-3189-RDR

ERIC BELCHER, Commandant,

                    Respondent.


MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 by a prisoner at the United States Disciplinary Barracks, Fort Leavenworth, Kansas. Petitioner proceeds pro se and submitted the filing fee.

**Background**

Petitioner was tried by a general court-martial lin April 2006 and was convicted of AWOL, Art. 86, disrespect towards a Noncommissioned Officer, Art 91, false official statement, Art. 107, rape, Art. 120, and breaking restriction, Art. 134. He was sentenced to 7 years confinement, forfeiture of all pay and allowance, reduction to E-1, and a dishonorable discharge. The conviction and sentence were approved by the Army Court of Criminal Appeals in September 2007, and the Court of Appeals for

the Armed Forces denied review in December 2007.

On June 8, 2010, the Army Clemency and Parole Board (ACPB) notified petitioner of the denial of his request for parole and clemency, and advised him that he would be placed upon Mandatory Supervised Release (MSR) when he reached his Minimum Release Date (MRD).

Petitioner asserts the following claims regarding the MSR program:

Count 1. Whether the Under Secretary of Defense had authority to introduce MSR without Congressional approval, and whether he therefore lacks jurisdiction over military prisoners at their MRD to have the ACPB order service on MSR.

Count 2. Whether under Supreme Court precedent, the sentence imposed in the court-martial is controlling, and therefore military MSR is illegal by increasing the sentence imposed.

Count 3. Whether the Under Secretary of Defense for Personnel, Readiness, and Manpower had authority to create MSR in July 2001 by the publication of para- graph 6.20.1 in DOD 1325.7, changing the definition and effect of Good Conduct Time and Earned Time from vested to conditional.

Count 4. Under Title 10, Chapter 48, Service Secre- taries are the only authorized parties who may create a system of parole under 10 U.S.C. § 952.

Count 5. Whether the Under Secretary of Defense had authority under DODI 1325.7 in July 2001 to create a system of parole under 10 U.S.C. § 952 and thus lacked jurisdiction over military prisoners at their MRD to extend their sentences by imposing MSR.

By its earlier order, the court directed petitioner to show cause why this matter should not be dismissed under the reasoning in *Huschak v. Gray*, 642 F.Supp. 2d. 1268 (D. Kan. 2009).

Petitioner filed a timely response (Doc. 3), and he has submitted a motion for the appointment of counsel (Doc. 4). The court has considered the pleadings in light of the recent decision in *Banks v. U.S.*, 2011 WL 3185008 (10th Cir. Jul. 27, 2011)[1], and concludes that a responsive pleading is necessary to ensure the proper resolution of petitioner's claims.

Petitioner also moves for the appointment of counsel. There is no constitutional right to the appointment of counsel in a federal habeas corpus action. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the discretion of the court. *Swazo v. Wyoming Dep't. of Corrections State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). The record demonstrates that the petitioner is able to construct and support his legal arguments, and the court concludes the appointment of counsel is not warranted

---

[1]

In *Banks*, the appellate court remanded a habeas corpus action filed by a military prisoner who challenged the imposition of MSR on due process and double jeopardy grounds. The court cited, in part, the absence of information concerning the availability of information concerning pre-deprivation military processes and whether petitioner had exhausted available remedies.

in this matter.

IT IS, THEREFORE, BY THE COURT ORDERED respondent herein is hereby required to show cause within twenty (20) days from the date of this order why the writ should not be granted; that the petitioner is hereby granted ten (10) days after receipt by him of a copy of the respondent's answer and return to file a traverse thereto, admitting or denying under oath all factual allegations therein contained; and that the file then be returned to the undersigned judge for such further action as may be appropriate.

IT IS FURTHER ORDERED petitioner's motion to appoint counsel (Doc. 4) is denied.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED**.

Dated at Topeka, Kansas, this 7th day of September, 2011.


s/ Richard D. Rogers
RICHARD D. ROGERS
United States Senior District Judge