IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROBERT SAXON, JR.,**

               **Petitioner,**

     v.                             CASE NO. 10-3189-RDR

**ERIC BELCHER,**

               **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner commenced this action while a prisoner in military custody at the United States Disciplinary Barracks, Fort Leavenworth, Kansas (USDB). Proceeding pro se, he challenges the legality and application of the Mandatory Supervised Release (MSR) program.

**Background**

In April 2006, petitioner was found guilty of one specification of false official statement, one specification of rape, one specification of absence without leave, one specification of disrespect towards a superior noncommissioned officer, and two specifications of breaking restriction. He was sentenced to a term of seven years, a dishonorable discharge, and reduction in rank. He unsuccessfully pursued appellate relief in both the Army Court of Criminal Appeals (ACCA) and the Court of Appeals for the Armed Forces (CAAF).

Petitioner was transferred to the USDB on May 17, 2006. On May 31, 2006, he was briefed on the MSR program (Doc. 12-2, p. 13). During

confinement, petitioner applied for parole and clemency on multiple occasions but did not contest placement on Mandatory Supervised Release (MSR). The applications were denied. While petitioner appealed the denial of parole, he did not seek reconsideration of the decision to place him on MSR. *See* Doc. 12-2, pp. 89, 93, 101 and 107, (notices reflecting recommendation of placement on MSR). On June 10, 2010, the Army Clemency and Parole Board (ACPB) notified petitioner that he would be placed on MSR.

Petitioner was released on August 4, 2011, and placed on MSR. At that time, he signed a mandatory supervised release agreement and an addendum, acknowledging the conditions imposed by the program and agreeing to comply (Doc. 12-3, pp. 9-10). Petitioner's MSR was suspended following his arrest for driving under the influence in October 2011 (*Id.*, p. 12).

**Discussion**

The federal courts may grant habeas corpus relief to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The standard of review in military habeas corpus is narrow, *see Burns v. Wilson*, 346 U.S. 137, 139 (1953). However, before a military petitioner may pursue federal habeas corpus relief, the petitioner "must exhaust '*all* available military remedies.'" *Banks v. United States*, 431 Fed. Appx. 755, 2011 WL 3185008 (10th Cir. 2011)(quoting *Schlesinger v. Councilman*, 420 U.S. 738, 758 (1975))(emphasis supplied).

Thus, where a claim was not presented to the courts-martial, the federal habeas court must consider the claim waived and will not review it. *Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir.), *cert. denied*,

476 U.S. 1184 (1986).

Likewise, available administrative remedies must be exhausted. *Banks*, 431 Fed.Appx. at 757 (citing *Gusik v. Schilder*, 340 U.S. 128, 130-31 (1950) and *McMahan v. Hunter,* 179 F.2d 661, 662 (10th Cir. 1950)).

Respondent presents multiple challenges to the petition, including the claim that petitioner failed to exhaust remedies through the military courts or through the administrative parole system. Petitioner has not responded to this argument. The court has examined the record submitted by respondent and finds no evidence that petitioner challenged any aspect of the MSR before he commenced this action, though it is apparent the program was explained to him shortly after his arrival at the USDB and that a number of documents issued to him during his confinement reflected that MSR would be imposed.

Accordingly, the court concludes this matter must be dismissed due to petitioner's apparent failure to satisfy the exhaustion requirement. The court does not reach the remaining arguments advanced by respondent.

IT IS, THEREFORE, BY THE COURT ORDERED the petition is dismissed due to petitioner's failure to preserve the claims for habeas corpus review by exhausting available remedies.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

DATED:  This 24th day of January, 2013, at Topeka, Kansas.

S/ Richard D. Rogers
RICHARD D. ROGERS
U.S. Senior District Judge